FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

[filing stamp] P 2: 22

CLERK [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARLA A. THOMAS, : <br> Plaintiff, : <br> v. :     CIVIL ACTION NO.: CV212-111 <br> GEORGIA COASTAL FEDERAL : <br> CREDIT UNION; CECIL LITTLE; : <br> and WAYNE NEAL, : <br> Defendants. : | |

## ORDER

Defendants filed a Motion in Limine to exclude unsubstantiated allegations of fraud allegedly perpetrated by David Knox, who was the former Chief Executive Officer ("CEO") for Defendant Georgia Coast Federal Credit Union ("Defendant Credit Union"). Defendants assert that they and their counsel are unaware of the alleged scheme involving a "David Knox" who reportedly collected portions of mortgage payments from two (2) other people but kept the money for himself and did not make the mortgage payments. Defendants aver that former Defendant David Knox was deposed for four (4) hours, and Plaintiff's counsel asked David Knox about his background and business activities, yet no fraudulent mortgage scheme came to light, nor did any evidence that

the former Defendant David Knox is the same "David Knox" to which the undersigned referred during mediation. Defendants contend that Plaintiff should not be allowed to raise these allegations during the trial of this case, as these new allegations are based on unsubstantiated rumors and should be excluded under Federal Rules of Evidence 404 and 608.

Plaintiff asserts that evidence concerning the alleged fraud David Knox committed is admissible under Rule 404(b)(2). Specifically, Plaintiff asserts that David Knox's involvement in a similar, earlier fraud scheme is admissible to show a common plan or scheme, to prove the absence of mistake, or to show knowledge. Plaintiff contends that Rule 608's exclusionary rule is applicable only when the evidence is being offered to prove a witness' character for truthfulness.

## I.  Rule 404(b)

A party cannot use evidence of a "crime, wrong, or other act" "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). Rule 404(b) "is a rule of inclusion, and relevant prior bad acts evidence[,] like other relevant evidence, should not lightly be excluded" if it is central to a party's case. United States v. Abreu-Jimenez, No. 11-15517, 2013 WL 4731348, at *6 (11th Cir. Sept. 4, 2013). The test for the admissibility of prior bad acts evidence is:

> First, the evidence must be relevant to an issue other than the [witness'] character[.] Second, the act must be established by sufficient proof to

2

permit a jury finding that the [witness] committed the extrinsic act[.] Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

Id.

Based on Plaintiff's representations of her claims, it appears that assertions that David Knox, who was the former CEO for the Defendant Credit Union, engaged in a fraudulent scheme on at least one (1) occasion prior to the Plaintiff's termination is relevant to Plaintiff's claims. According to Plaintiff, Mark W. Miller, a golf pro at Sea Palms (or Sapelo Hammock), applied for and was given a loan by Defendant Credit Union in the amount of $617,590.50, to purchase a house and property located at 410 Bonaventure, Saint Simons Island, Georgia. At the time, Miller's debt-to-income ratio exceeded one hundred percent, his credit score was below 500, and the loan exceeded the single family household limit under Defendant Credit Union's loan policy. Although Mr. Miller did not qualify for the loan, former CEO and Defendant Knox approved this loan. The loan in question was made in 2004 prior to Plaintiff's hire by Defendant Credit Union. Subsequently, former Defendant Knox, Mr. Miller, and another gentleman, Markland Aultman, lived in the house. Messrs. Miller and Aultman apparently were paying rent to former Defendant Knox who was to make the payments on the loan at Defendant Credit Union. Former Defendant Knox, however, did not make payments to Defendant Credit Union. Just before foreclosure, the property was sold to Robert Laroche, another member of Defendant Credit Union. Mr. Laroche also had a close relationship with former Defendant Knox. Apparently, after the property was sold, Miller and Aultman filed for bankruptcy protection, which also resulted in losses to Defendant Credit Union based on their respective defaults on unsecured loans. Upon information

3

Plaintiff received, Defendant Credit Union's loan officer who handled most of these loans was Jeremy Davis, Mr. Knox's nephew, and the individual who replaced Plaintiff as Chief Financial Officer after she was terminated. The National Credit Union Administration ("NCUA") apparently discovered/learned about the scheme/loan through an audit in approximately 2005-06. At the time, Plaintiff had only recently been hired, and former Defendant Knox was handling most of the loans and overseeing the lending department. The NCUA took exception to and informed Defendant Credit Union of the Miller loan, observing that Mr. Miller had an excessive debt-to-income-ratio, maintained a very weak credit score, and held loans exceeding the loan policy aggregate limit per household. The only way the loan was made was the authorization by former Defendant Knox, who obtained a direct financial benefit from it.

In the case at bar, the key facts surround a "land deal" in the Royal Oaks subdivision in Brunswick, Georgia. Specifically, Plaintiff claims that former Defendant Knox informed her of a scheme whereby Defendant Credit Union would use Board Secretary and Defendant Wayne Neal or his company to construct a home on a lot which Neal (personally) previously owned and had deeded back to Defendant Credit Union in lieu of foreclosure. Former Defendant Knox was to reside in the home, and his income was to be raised to cover the payments on the loan. A construction loan would be granted, although not authorized under Defendant Credit Union's loan policy at the time. Plaintiff contends that her report of this land deal to the NCUA, Defendants' Supervisory Committee, and others precipitated the NCUA's investigation of Defendant Credit Union which ultimately resulted in Plaintiff being terminated.[1]

---

[1] The undersigned used Plaintiff's version of these alleged occurrences.

AO 72A
(Rev. 8/82)

It does not appear that Plaintiff wishes to present the evidence relating to the Saint Simons' land deal as character evidence under Rule 404(b)(1). Rather Plaintiff seemingly wishes to present this evidence as an indication of the manner in which Defendant Credit Union operated while Defendants Little and Neal were on the board and Knox was the CEO there. Plaintiff may not rely on unsubstantiated allegations of fraud. She must present evidence of "sufficient proof" which would permit a jury to find that David Knox did commit fraud on at least one (1) prior occasion and that the events described indicate the manner in which Defendant Credit Union conducted or conducts its business. Finally, the probative value of evidence that David Knox committed fraudulent acts while he was the CEO of the Defendant Credit Union is not substantially outweighed by the prejudicial value. Defendants' counsel may present contrary evidence. This portion of Defendants' Motion is **DENIED**.

II. **Rule 608**

Under Rule 608(b)(1), "extrinsic evidence is not admissible to prove specific instances of a witness'[ ] conduct in order to attack or support the witness'[ ] character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness[.]" Plaintiff is entitled to present evidence regarding David Knox's character for truthfulness or untruthfulness on cross-examination, should David Knox be called by Defendants to provide direct testimony. United States v. Davis, 491 F. App'x 48, 50 (11th Cir. 2012) (citing United States v. Novaton, 271 F.3d 968, 1006 (11th Cir. 2001), for the statement that acts probative of a witness' character for Rule 608(b) purposes include fraud). As

AO 72A
(Rev. 8/82)

noted above, Defendants are entitled to present evidence countering Plaintiff's evidence. This portion of Defendants' Motion is **DENIED**.

**SO ORDERED**, this 1st day of October, 2013.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)